IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

LINDERIA LEWIS, as Administrator of the ESTATE OF BRIAN LEWIS, and as Wife and in her Representative Capacity on Behalf of all Wrongful Death Beneficiaries,

CIVIL CASE NO: ________________

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

**COMPLAINT**

Plaintiff, LINDERIA LEWIS, as Administrator of the ESTATE OF BRIAN LEWIS, and as Wife and in her Representative Capacity on Behalf of all Wrongful Death Beneficiaries, sues Defendant, the UNITED STATES OF AMERICA, and alleges as follows:

***Jurisdiction, Venue and Parties***

1. This is an action brought under the Federal Tort Claims Act arising out of the negligent and wrongful acts or omissions of employees, agents, apparent agents, servants or representatives of the United States Government while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff under the laws of the State of Florida. 28 U.S.C. §1346(b). At all times relevant, these persons were subject to the United States Government's right to control, including substantial supervision and direction over their day to day activities.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §2671, *et seq*. In addition, the amount Plaintiff demands against Defendant in this case is $10,000,000 as set forth in the Federal Tort Claims Act, Standard Form 95.

3. On December 30, 2025, Plaintiff, LINDERIA LEWIS, presented her administrative claim, based on the facts alleged herein with the appropriate federal agency, the United States Department of Health & Human Services, for damages arising out of the injury to BRIAN LEWIS based on the negligence of United States Government, agents, apparent agents, servants or representatives, practicing in the course and scope of their employment at the CareConnect Family Practice-Cordele. A copy of the administrative claim is attached hereto as Exhibit "A."

4. Such claim was presented as required by 28 U.S.C. §2675. A copy of letter from the Department of Health & Human Services acknowledging receipt is attached as Exhibit "B."

5. The Department of Health & Human Services has failed to respond to the claim for a period of over six months and has therefore denied the claim. Thus, pursuant to 28 U.S.C. § 2675(a), Plaintiff is authorized to file this suit.

6. Plaintiff, LINDERIA LEWIS, is an adult citizen and a resident of Cordele, Georgia. Plaintiff is the duly appointed Administrator of the Estate of BRIAN LEWIS, deceased, appointed by the probate court, Crisp County, Georgia on February 26, 2026. Plaintiff brings this action on behalf of the Estate and all eligible Georgia wrongful death beneficiaries.

7. At all times material hereto, the CareConnect Family Practice-Cordele, located at 712 7th Street North, Cordele, Georgia, was providing medical care and treatment to residents in the community. The Department of Health & Human Affairs maintained supervision of the personnel providing services to the patients at CareConnect Family Practice-Cordele.

8. At all times material hereto, Holly Davis, FNP-C (hereinafter "Ms. Davis") was Certified Family Nurse Practitioner licensed to practice nursing in the State of Georgia and held herself out as a Certified Family Nurse Practitioner, practicing nursing in the state of Georgia.

9. At all times material hereto, Holly Davis, FNP-C was an employee and/or agent of, and acting in the course and scope of her employment and/or agency with, CareConnect Family Practice-Cordele.

***Factual Background***

10. Brian Lewis presented to Crisp Regional Hospital ER on 2/10/24, with complaints of ongoing right-sided leg weakness for two days resulting in disequilibrium and unsteady gait. He was admitted to the medical/surgical unit for treatment of hypertensive crisis, right hemiparesis, and possible stroke. His brain MRI revealed an acute ischemic infarct (stroke). His carotid ultrasounds were notable for some mild atherosclerotic plaques bilaterally. He was started on dual antiplatelet therapy with low-dose aspirin and clopidogrel and high intensity statin therapy with atorvastatin. During his hospitalization, his antihypertensive medications were adjusted for improved blood pressure management, and social services were consulted to assist with discharge planning. Because he was uninsured at the time, a rehabilitation center or home health care was not a reasonable/realistic option. Because it was reported that Mr. Lewis would have insurance effective 3/1/24, follow-up appointments with Dr. Tehrani, cardiology, and with Holly Davis, FNP-C at the local CareConnect clinic to establish PCP oversight were scheduled after 3/1/24.

11. Mr. Lewis was discharged on 2/14/24. His discharge diagnoses included: acute ischemic stroke, hypertensive crisis, right-sided muscle weakness, hypokalemia, Diabetes mellitus type 2, pneumonia, and acute heart failure with reduced ejection fraction and diastolic dysfunction. Prescriptions were sent to the Crisp Regional retail pharmacy so that Mr. Lewis would be given a

30-day supply of all meds at no cost: low-dose aspirin, carvedilol, clopidogrel [Plavix 75 mg], fluticasone, glipizide, guaifenesin, loratadine, meclizine, metformin, nifedipine, pantoprazole, Entresto, and spironolactone. He was provided "after a stroke" patient information as well as medication education sheets on all of his discharge medications. Among his discharge medications, Mr. Lewis was prescribed a 30-day supply of Plavix 75 mg, with 2 refills, and advised to continue taking low dose aspirin and Plavix. Mr. Lewis's discharge summary was electronically signed by Susan McCard, FNP, and reviewed by Juan Carlos Buitrago, MD.

12. Mr. Lewis was initially examined by Holly Davis, FNP-C, at CareConnect Family Practice – Cordele, GA on February 19, 2024, for follow-up after his hospitalization for left-sided CVA. Mr. Lewis was advised to continue his low dose aspirin and Plavix Tablet, 75 MG, 1 tablet, orally, once a day. Ms. Davis next saw Mr. Lewis on April 4, 2024, at which time she documented that he was still taking Plavix 75 mg tablet once a day, aspirin 81 MG tablet 1 a day. Ms. Davis refilled his Plavix, and due to reactive depression, Ms. Davis prescribed FLUoxetine HCA Capsule [Prozac], 20 mg, 1 capsule, daily, for Mr. Lewis. This medication also has antiplatelet activity.

13. On July 3, 2024, Holly Davis, FNP-C ordered blood tests. On July 9, 2024, she noted that Mr. Lewis' blood test revealed he was a little anemic, and that this was new since his hospital admission in February. She noted in her chart, to her staff, "ask him if he has noticed any blood or black in his stools. He can come by to have an iron panel and B12 level drawn at his convenience. Otherwise, his labs are normal." However, nobody contacted Mr. Lewis to ask him these questions, and so he had no idea that there were questions about anemia. Likewise, the Plavix was not discontinued.

14. Mr. Lewis was next seen by Holly Davis, FNP-C on November 4, 2024, for follow-up. On that date, he was still taking Plavix, Aspirin Low Dose 81 MG, and Prozac. There was no

documented follow-up by either Ms. Davis and/or the Care Connect Family Practice clinic staff regarding the anemia noted by Holly Davis, FNP-C on July 9, 2024.

15. On November 10, 2024, Mr. Lewis presented to Grady Memorial Hospital as a transfer from Crisp Regional for R Thalamic hemorrhage with intraventricular extension (score 2). He was admitted to the ICU with orders to hold his antiplatelet therapy and anticoagulation medications. Mr. Lewis was set to be discharged to a rehab facility, but the day before his anticipated discharge, Mr. Lewis took a sudden change for the worse and died on November 28, 2024. An autopsy confirmed that Mr. Lewis's cause of death was hypovolemic shock secondary to acute intestinal hemorrhage secondary to a history of anticoagulant therapy.

16. To properly care for Brian Lewis, his healthcare professionals were required to meet the applicable prevailing professional standards of care. The standard of care for dual antiplatelet therapy is 21 days. However, because of the MRI findings that showed significant atherosclerotic cerebrovascular disease, the Crisp Regional Hospital discharging medical team apparently opted to extend the antiplatelet therapy for 90 days. Under no circumstances should dual antiplatelet therapy extend beyond 90 days. The hospital discharge documentation should have clearly stated that the therapy was to stop and not be extended beyond 90 days from the date of his hospital discharge. Holly Davis, FNP-C, knew or should have known that dual-antiplatelet therapy should not be extended, as it carries significant risk of harm to the patient on such therapy. Nevertheless, she continued Mr. Lewis on the therapy regimen of Plavix 75 mg tablet once a day, aspirin 81 MG tablet 1 a day.

## COUNT I
## SURVIVAL ACTION

17. Plaintiff herein realleges paragraphs 1 through 16 above as if they were set forth fully herein.

18. This is a survival action brought by Plaintiff, as administrator of the ESTATE OF BRIAN LEWIS, pursuant to O.C.G.A. §9-2-41, which permits a decedent's cause of action for personal injury to survive and be maintained by the decedent's personal representative.

19. At all times relevant to this action, Holly Davis, FNP-C was an employee of the United States acting within the scope of her federal employment at CareConnect Family Practice-Cordele.

20. The United States Government, by and through its agents, apparent agents, employees, servants, representatives, and contractors, by their acceptance of BRIAN LEWIS as a patient, owed him a duty to provide that level of skill, care and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

21. Notwithstanding the duties owed to BRIAN LEWIS by Defendant, UNITED STATES GOVERNMENT, as described herein, Defendant was negligent and deviated from the prevailing professional standards of care required, as follows:

a. Ms. Davis' continuing to prescribe the dual antiplatelet therapy of low dose aspirin and Plavix beyond 90 days from the date of Brian Lewis's hospital discharge;

b. Ms. Davis' prescribing Prozac in addition to the dual antiplatelet therapy of low dose aspirin and Plavix, which increased his risk of a GI bleed;

c. Ms. Davis' failure to timely and appropriately order testing to discover the cause of Brian Lewis's iron deficiency anemia following receipt of his lab results ordered on July 3, 2024;

d. Ms. Davis' failure and the clinic staff's failure, after receipt of his July 3, 2024, blood test results, to call or have someone else call Brian Lewis to see if he noticed any blood or black stools, and both record and report those findings;

e. Ms. Davis' failure and the clinic staff's failure, to call or have someone else call Brian Lewis after receipt of his July 3, 2024, blood test results to have him come in

to have an iron panel and B12 panel drawn.

f. Ms. Davis' failure on November 4, 2024, to discontinue Mr. Lewis' dual antiplatelet therapy or take any action to address his ongoing anemia.

22. As a direct and proximate result of the above-described deviations from the prevailing professional standards of care, BRIAN LEWIS sustained serious and permanent injuries including internal bleeding and the sequela thereof, leading to hospitalization in November of 2024, as described above.

23. These damages belong to the Decedent's estate and are recoverable in this survival action.

***Damages***

24. As a direct and proximate result of the negligence complained of herein, and the resulting injuries, BRIAN LEWIS suffered injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, inconvenience, and loss of capacity for enjoyment of life. Further, he incurred medical expenses related to his injuries.

25. Plaintiff, LINDERIA LEWIS, as the Spouse of BRIAN LEWIS and Administrator of the ESTATE OF BRIAN LEWIS, brings this action to recover damages for the mental, physical and emotional pain and suffering to BRIAN LEWIS that resulted from the negligence complained of herein, and to recover from Defendant, UNITED STATES OF AMERICA, those medical and funeral expenses that resulted from the negligence of Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, UNITED STATES OF AMERICA, for all allowable damages, costs, and such other relief as may be deemed just and proper. Plaintiff further demands a trial by jury.

**COUNT II**
**WRONGFUL DEATH**

26. Plaintiff herein realleges paragraphs 1 through 16, and 19 through 21, above as if they were set forth fully herein.

27. This is a wrongful death action brought by Plaintiff, LINDERIA LEWIS, on behalf of the statutory survivors of BRIAN LEWIS, pursuant to Georgia's Wrongful Death Act, O.C.G.A. §51-4-2, including LINDERIA LEWIS, surviving spouse and AUBRI LEWIS, surviving minor child.

28. As a direct and proximate result of the above-described deviations from the prevailing professional standards of care, BRIAN LEWIS died on or about November 28, 2024.

29. As a direct and proximate cause of the negligence and resulting death of BRIAN LEWIS, his statutory beneficiaries are entitled to recover the full value of the life of the decedent.

30. The full value of BRIAN LEWIS' life includes both economic and non-economic components, including:

a) the value of Decedent's earning capacity over his lifetime;

b) the value of Decedent's services to his family;

c) the intangible elements that comprise the value of life, including the value of Decedent's companionship, society, comfort, care, assistance, protection, affection, and moral support to his survivors

31. As a result of the wrongful acts/omissions of the Defendant, the statutory survivors have suffered the loss of the Decedent's love, companionship, protection and support. Furthermore, surviving spouse, LINDERIA LEWIS, has suffered the loss of support and services, and the surviving minor child has suffered the loss of parental companionship, instruction and guidance.

32. The statutory survivors have also incurred funeral and burial expenses.

***Damages***

33. Plaintiff, LINDERIA LEWIS, as the Spouse of BRIAN LEWIS, brings this action on behalf of all persons (his spouse and his children) qualified to recover damages from Defendant UNITED STATES OF AMERICA for the full value of the life of BRIAN LEWIS, as set forth in O.C.G.A. § 51-4-2.

WHEREFORE, Plaintiff demands judgment against Defendant, UNITED STATES OF AMERICA, for all allowable damages, costs, and such other relief as may be deemed just and proper. Plaintiff further demands a trial by jury.

Filed this 14th day of September, 2026.

Respectfully submitted,

**BROOKS, LEBOEUF, FOSTER, GWARTNEY & HOBBS, P.A.**

***/s/ Scott E. Gwartney***

Scott E. Gwartney, GBN 315955
Dean R. LeBoeuf, (Pro hac pending)
Ryan B. Hobbs, (Pro hac pending)
909 East Park Avenue
Tallahassee, FL 32301
850- 222-2000
850-222-9757 facsimile
Attorneys for Plaintiff
Primary: Scott@BLLegal.com
Primary: Dean@BLLegal.com
Primary: RHobbs@BLLegal.com
Secondary: Nikki@BLLegal.com
Secondary: June@BLLegal.com
Secondary: Jeanetta@BLLegal.com